In re Donald A. RAJAPAKSE, and Chitrangani L. Rajapakse, Debtors.

C. Brooks Thurmond III, as Chapter 7 Trustee, Movant,

v.

Donald A. Rajapakse, and Chitrangani L. Rajapakse, Respondents.

No. 03–81065.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Sept. 1, 2005.

L. Lou Allen, Eells & Allen LLC, Atlanta, GA, for SunTrust Bank, Creditor.

Evan M. Altman, Atlanta, GA, for Chitrangani L. Rajapakse, Joint Debtor, Pro se, Donald A. Rajapakse, Debtor, Pro se.

C. Brooks Thurmond III, Atlanta, GA, for C. Brooks Thurmond, III, trustee.

## ORDER GRANTING TRUSTEE'S MOTION FOR TURNOVER AND ACCOUNTING

JAMES E. MASSEY, Bankruptcy Judge.

C. Brooks Thurmond III, the Chapter 7 Trustee in this case, seeks an order directing Debtors to turn over and account for certain property located outside the United States. *See* 11 U.S.C. § 521(4). Debtors, representing themselves without counsel, contend that the disputed property is not property of the estate and is therefore beyond this Court's jurisdiction.

The District Court has subject matter jurisdiction over all the property of the debtor and of the estate in any case under title 11 commenced and pending before it. 28 U.S.C. § 1334(e). This Court has the same jurisdiction by reference. 28 U.S.C. § 157(a); *Order of Referral*, Standing Order N.D. Ga., entered July 12, 1984. This Court has personal jurisdiction over Debtors on multiple grounds, most obviously because Debtors voluntarily submitted to this Court's jurisdiction by filing this bankruptcy case. This is a core proceeding, *see Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340 (11th Cir.1999), and a contested matter. Fed. R. Bankr.P. 7001(1); Fed. R. Bankr.P. 9014.

The Trustee states that Debtors failed to disclose on their schedules their interests in the following assets, all of which are located outside the United States: (a) a townhouse or flat in Ickenham, England, (b) multiple foreign bank accounts, at least one of which is allegedly in the United Kingdom, (c) an interest in a retirement

home in Ottawa, Canada, and (d) an interest in real estate in Sri Lanka described as a "tea plantation."

The Trustee contends these assets, to the extent they exist, are property of the estate pursuant to 11 U.S.C. § 541 and moves for an order pursuant to 11 U.S.C. § 521 and 542 directing Debtors to turn over and account for these assets. Debtors contend that the estate defined in section 541 does not extend to assets located in foreign countries and that therefore sections 521 and 541 do not apply.

Sections 521 and 541 provide in relevant part:

§ 521. The Debtor's duties

The debtor shall—

(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs;

. . .

(3) if a trustee is serving in the case, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;

(4) if a trustee is serving in the case, surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title;

. . .

§ 541. Property of the estate

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

. . .

11 U.S.C. §§ 521 and 541.

■ Congress has the power to enact a statute that applies beyond the territorial borders of the United States. *See, e.g., E.E.O.C. v. Arabian Am. Oil Co.,* 499 U.S. 244, 248, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991); *Foley Bros. v. Filardo,* 336 U.S. 281, 285, 69 S.Ct. 575, 93 L.Ed. 680 (1949). But there is a "presumption that Acts of Congress do not ordinarily apply outside our borders." *Sale v. Haitian Centers Council, Inc.,* 509 U.S. 155, 173, 113 S.Ct. 2549, 2560, 125 L.Ed.2d 128 (1993). Thus, if a statute does not expressly state that it applies outside the United States, a court must determine whether Congress intended the statute to have extraterritorial effect. *Arabian Am. Oil Co.,* 499 U.S. at 248, 111 S.Ct. 1227.

■ The phrase "wherever located and by whomever held" in section 541 of the Bankruptcy Code is extremely broad and could be interpreted to cover property owned by a debtor located outside, as well as within, the United States. Section 541 does not expressly state, however, that it applies outside the United States. Thus, in light of the presumption against extraterritorial effect and the broad language of the statute, the Court concludes that section 541 is ambiguous regarding its possible extraterritorial effect. The legislative history, however, is not ambiguous. It states that section 541 includes the property described in section 70a of the Bankruptcy Act, which was repealed when the Bankruptcy Code became effective in 1979. Specifically, the House and Senate Reports state:

The scope of this paragraph [§ 541(a)(1)] is broad. It includes all

kinds of property, including tangible or intangible property, causes of action (see Bankruptcy Act § 70a (6)), and all other forms of property currently specified in section 70a of the Bankruptcy Act § 70a, as well as property recovered by the trustee under section 542 of proposed title 11, if the property recovered was merely out of the possession of the debtor, yet remained "property of the debtor."

H.R. REP. No. 95–595, at 367 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6323; S. REP. No. 95–989, at 82 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5868. Congressional intent as to the scope of section 541 may be discerned from the meaning of section 70a of the Bankruptcy Act.

Congress amended section 70a of the Bankruptcy Act of 1898 in 1952 to read in relevant part as follows:

> The trustee of the estate of a bankrupt ... shall ... be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, except insofar as it is to property which is held to be exempt, to all of the following kinds of property *wherever located* ... (5) property ... which prior to the filing of the petition he [the bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized ....

11 U.S.C. § 70a (repealed) (emphasis added). This language, like that in section 541, is ambiguous as to its extraterritorial effect. The ambiguity is resolved by referring to the legislative history of the 1952 amendment, which makes it clear that the Congress intended section 70a to apply extraterritorially. The House Report accompanying the bill provides:

> 34. Section 23 amends section 70a to make clear that a trustee in bankruptcy

is vested with the title of the bankrupt in property which is located without, as well as within, the United States. See Nadelman, The National Bankruptcy Act and the Conflict of Laws, 59 Harvard Law Review 1025 (1946). The words "wherever located" have therefore been added at appropriate places....

H.R. REP. NO. 2320 (1952), *reprinted in* 1952 U.S.C.C.A.N.1960, 1976. COLLIER ON BANKRUPTCY confirms this interpretation:

> Section 70a was also amended in 1952 to make it clear that a trustee in bankruptcy is vested with the title of the bankrupt which is located without as well as within the United States. The purpose was accomplished by adding the words "wherever located" to the language of the introductory clauses ....

COLLIER ON BANKRUPTCY, Vol. 4A, ¶ 70.03, p. 35 (14th Ed.1978).

█ Accordingly, the Court holds that property of the estate as defined in section 541 includes property of the debtor located outside the United States. Other courts addressing this issue have reached the same conclusion. *See, e.g., H.K. and Shanghai Banking Corp. v. Simon (In re Simon)*, 153 F.3d 991, 996 (9th Cir.1998); *GMAM Investment Funds Trust I v. Globo Comunicacoes E Participacoes S.A. (In re Globo Comunicacoes E Participacoes S.A.)*, 317 B.R. 235 (S.D.N.Y.2004); *Deak & Co. v. Soedjono (In re Deak & Co.)*, 63 B.R. 422, 427 (Bankr.S.D.N.Y.1986); *Nakash v. Zur (In re Nakash)*, 190 B.R. 763, 768 (Bankr.S.D.N.Y.1996); *In re Yukos Oil Co.*, 321 B.R. 396, 406 (Bankr.S.D.Tex. 2005).

For these reasons, it is

ORDERED that the Chapter 7 Trustee's motion is GRANTED. Debtors are directed to turn over all their foreign assets to the Chapter 7 Trustee. Debtors

are further directed to account for all their foreign assets to the Chapter 7 Trustee, including providing all the information the Trustee requested in his motion.